UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | |
|---|---|
| BBC CHARTERING CARRIERS GmbH & Co. KG<br><br>*Plaintiff*<br><br>V.<br><br>BARBUSS GLOBAL, ECT TRANSPORT HK LTD., AGILITY PROJECT LOGISTICS, D/B/A SEAQUEST LINE, AND<br>ITATRANS AGILITY LOGISTICA INTL S.A.<br><br>*Defendants* | CIVIL ACTION NO. 15-1199<br><br>**ADMIRALTY**<br>Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiff, BBC Chartering Carriers GmbH & Co. KG ("BBC"), files this *Complaint for Declaratory Judgment* and respectfully represents as follows:

I.

BBC requests that this Court declare the rights, liabilities, and other legal relationships under a contract for the carriage of goods by sea, and to determine rights arising under that contract.

II.

The defendant, BARBUSS Global ("Barbuss"), is an entity that would be affected by this declaration.

II(a).

Upon information and belief, the additional defendants, ECT Transport HK Ltd. ("ECT"), through its agent Agility Project Logistics, d/b/a Seaquest Line ("Seaquest"), as shipper, are also entities that would be affected by this Declaration.

II(b).

Upon information and belief, the additional defendant, Itatrans Agility Logistica Intl S.A. ("Itatrans"), as consignee, is also an entity that may be affected by this Declaration.

III.

BBC is a foreign entity organized and existing under the laws of a state other than the state of Texas, with its principal offices in Leer, Germany, and which was, at all relevant times, and is engaged in the business of operating vessels for the carriage of goods by sea. Specific to this action, BBC was the charterer of the M/V BBC PARANA, an ocean-going vessel engaged in the common carriage of goods by sea for hire.

IV.

Upon information and belief, Barbuss is the subrogated insurer of the cargo at issue. Upon further information and belief, Barbuss is organized and existing under the laws of a state other than the state of Texas, and was, at all relevant times, and is doing business within this district.

IV(a).

Upon information and belief, ECT is organized and existing under laws of a state other than the state of Texas, and does business within this district. Specifically, ECT is a party to the contract of affreightment more fully described herein under which goods were to be shipped from Houston, Texas, to Rio Grande, Brazil.

IV(b).

Upon information and belief, Seaquest is organized and existing under laws of the state of Texas, and does business within this district.  Specifically, Seaquest is a party to the contract of affreightment more fully described herein under which goods were to be shipped from Houston, Texas, to Rio Grande, Brazil.

IV(c).

Upon information and belief, Itatrans is organized and existing under laws of a state other than the state of Texas and does business within this district.  Specifically, Itatrans is a party to the contract of affreightment more fully described herein under which goods were to be shipped from Houston, Texas, to Rio Grande, Brazil.

V.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction over this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, in particular, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.A. § 30701 *et. seq.,* which BBC asserts is applicable to this contract of carriage both under the terms of the applicable contract and by operation of law, as well as 28 U.S.C. § 1333, as this is a claim that arises under the Court's admiralty and maritime jurisdiction.

VI.

Prior to the alleged incident, BBC entered into an agreement with ECT, as shipper, through its agent Seaquest, to transport the cargo at issue from Houston, Texas, to Rio Grande, Brazil.  The cargo, upon information and belief, was insured by ACE Insurance (Brazil).  The merchant of the cargo at issue was ALLOG International Transport.

VII.

The cargo, specifically a STC Evaporator Unit (the "Cargo"), was allegedly damaged during an attempted loading aboard the BBC PARANA in Houston, Texas, on or about May 30, 2014.

VIII.

The terms and conditions of carriage (the "Bill of Lading") provide as follows:

> PARTICULARS DECLARED BY THE SHIPPER BUT NOT ACKNOWLEDGED BY THE CARRIER
>
> Number and kind of packages; description of cargo
> SAID TO BE
>
> "48 BOXES   STC EVAPORATOR UNIT,
> MACHINERY & PARTS
> NCM: 7309 / 8419.39.00"
>
> [***]
>
> **SPECIAL CLAUSES**
> **B. U.S. Trade Period and Responsibility**
>
> (i)   In case the Contract evidenced by this Bill of Lading is subject to the U.S. Carriage of Goods by Sea Act of the United States of America 1936 (U.S. COGSA), then the provisions stated in said Act shall govern before loading, and after discharge and throughout the entire time the cargo is in the Carrier's custody and in which even freight shall be payable on the cargo coming into the Carrier's custody. For US Trades, the terms on file with the U.S. Federal Maritime Commission shall apply to such shipments.
>
> (ii)   If the U.S. COGSA applies, and unless the nature and value of the cargo ahs been declared by the shipper before the cargo has been handed over to he Carrier and inserted in this Bill of Lading, the Carrier shall in no event be or become liable for any loss or damage to the cargo in any amount exceeding USD500 per package or customary freight unit.  If despite the provisions of subclause (3)(a), the Carrier is found to be liable for deck cargo, then all limitations and defenses available under U.S. COGSA (or other applicable regime) shall apply.
>
> (iii)   For purposes of calculating the Carrier's liability under subsection (ii), the number of pieces or unites listed in the box on

> the face of this Bill of Lading headed "Number and kind of packages; description of cargo" shall conclusively establish the number of packages.  If the cargo being carried is not a package, then unless expressly stated otherwise, freight is calculated on the number of such unpackaged vehicles or other physical pieces of unpackaged cargo, including articles or things of any description whatsoever except goods shipped in bulk, and each such piece of unpackaged cargo shall conclusively be deemed one customary freight unit.
>
> (iv)    Whenever the U.S. COGSA applies, whether by virtue of carriage of cargo to or from the US or otherwise, *any dispute arising out of or in connection with the Contract* evidenced by this Bill of Lading *shall be exclusively determined by the United States District Court for the Southern District of Texas*, and in accordance with the laws of the United States.  Merchant further agrees to submit to the jurisdiction of the Southern District of Texas and to waive any and all objections to venue.

(emphasis added).  The booking note (No. 282114-ALUS-B) (the "Booking Note") for the Cargo provides as follows:

> Number and kind of packages; description of cargo (if available):
>
> Evaporator Unit, Machinery and Parts, as per attached packing list;
> 199.33 tons – 1773.22 cubic meters / 1773.2 revtons

IX.

Although BBC provided the shipper with an opportunity to declare a value of the cargo, there is no declared value listed on the face of either the Booking Note or the Bill of Lading.  *See* Exhibits A and B.

X.

Barbuss has wrongfully alleged liability on the part of BBC for damage to the STC Evaporator Unit at issue.  Accordingly, BBC and Barbuss are entities interested under the contract for carriage within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

5

X(a).

ECT and Seaquest have not alleged liability on the part of BBC for damage to the cargo; however, BBC, in an abundance of caution, names ECT and Seaquest as defendants in this litigation as a potential party interested under the contract for carriage within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

X(b).

Itatrans has not alleged liability on the part of BBC for damage to the cargo; however, BBC, in an abundance of caution, names Itatrans as a defendant in this litigation as a potential party interested under the contract for carriage within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

XI.

As an ocean carrier under COGSA, 46 U.S.C. § 30701, *et seq.*, BBC is not liable for loss to cargo resulting from excepted causes. Any damage to the cargo at issue was exclusively caused by one or more excepted causes, including, but not limited to, acts or omissions of the shipper or its agents, insufficiency of packaging, an error in navigation and/or management of the BBC PARANA, peril(s) of the sea, an Act of God, and/or otherwise without the fault of BBC. BBC is therefore not liable for any damage to the cargo.

XII.

Any and all alleged liability on the part of BBC is specifically denied. Assuming, however, that BBC is found to be responsible for damage to the cargo, such damage is subject to the U.S. $500.00 package limitation contained in COGSA insofar as the cargo constitutes a single "package" or customary freight unit.

WHEREFORE, the plaintiff, BBC Chartering Carriers GmbH & Co. KG, prays that the defendant, BARBUSS Global, ECT Transport HK Ltd, Agility Project Logistics (Seaquest Line), and Itatrans Agility Logistica Intl S.A., be cited and served, and that after all legal delays and proceedings this Court declare that:

The exceptions provided by COGSA are a complete liability shield preventing any recovery by Barbuss, ECT, Seaquest, and Itatrans from BBC for the alleged damages to the cargo.

In the alternative, the limitation of liability provisions in COGSA apply to the contract of carriage, thus limiting any potential recovery of Barbuss, ECT, Seaquest, and Itatrans to U.S. $500.00 per package and/or customary freight unit for the alleged damages to the cargo.

In the further alternative, BBC is entitled to the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, as the alleged damages to the cargo, if any, occurred without BBC's privity or knowledge.

BBC further prays for all general and equitable relief to which it may be entitled.

Respectfully submitted,

/s/ Frederick W. Swaim III
Jason P. Waguespack, T.A.
  Federal I.D. No. 268357
jwaguespack@gjtbs.com
Frederick W. Swaim III
  Federal I.D. No. 412753
fswaim@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney Street, Suite 1400
Houston, Texas 77010
Telephone:  (713) 599-0700
Telecopier:  (713) 599-0777
**ATTORNEYS FOR PLAINTIFF,**
***BBC CHARTERING CARRIERS GmbH & Co. KG***

## CERTIFICATE OF SERVICE

    I do hereby certify that on May 5, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

                                      */s/ Frederick W. Swaim III*
                                      FREDERICK W. SWAIM III